## SIMONTON *vs.* VAIL.

APPEAL FROM CIRCUIT COURT, LA CROSSE COUNTY.

Heard January 25.]                                    [Decided May 4, 1860.

*Interest—Usury—Tender.*

An answer of usury to a note and mortgage executed under the act of 1851, which made the note void, is a good defense to an action upon the same, without any averment of a tender, or offer to pay the principal sum loaned, and evidence of the usury ought to be received.

*Platt vs. Robinson,* 10 Wis., 128, considered and approved.

This was an action to foreclose a mortgage, dated the 22d of December, 1855. The complaint is in the usual form. The answer averred a payment of $32 which had not been allowed; and then answered that the contract was usurious, specifying in what manner, and claimed the benefit of his plea. On the trial the defendant was sworn as a witness, and several questions were put to him, tending to elicit proof of the usury, and also offers made to prove the usury. All of which were objected to and the testimony excluded by *the court,* on the ground that there had been no tender made or proven, of the principal sum secured by the note and mortgage. Judgment was entered for the plaintiff, from which the defendant appealed.

*Flint & Stodgill,* for the appellant.

*Finches, Lynde & Miller,* for the respondent.

*By the Court,* PAINE, J.    This was an action to foreclose a mortgage, and the defendant in his answer set up usury. The mortgage was executed while the law of 1851, on the subject of interest, was in force; and by that law, if usurious, it was void. The trial occurred in August, 1859, and on the trial the defendant offered evidence to show the usury, which was objected to on the ground that no tender of the principal

sum loaned had been averred or proved, and the court sustained the objection and excluded the testimony, to which the defendant excepted. In the case of *Platt vs. Robinson,* 10, Wis., 128, we held, that even in cases arising under the usury law of 1856, it was not necessary to aver a tender in order to entitle the defendant to prove usury. And in the case of *Root vs. Pinney, supra,* 84 we have already held that the provision of the act of 1856, in respect to a tender, related to the remedy merely, and that, although continued in the revision of 1858, it was repealed by chap. 160 of General Laws of 1859. And that being repealed, the defendant was at liberty to set up usury, even in cases arising under the act of 1856, without either averring or proving a tender of the principal. It is more clear that, being repealed, that provision in the act of 1856, could have no effect upon this case where the mortgage was executed under a prior law, which expressly prohibited the courts from requiring any such condition.

The court erred in excluding the evidence offered to show usury, and the judgment must be reversed with costs, and the cause remanded for a new trial.